UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KIRK KNIGHT, et al., *as Parents and legal guardians of their minor child J.N.K.* | )<br>)<br>)<br>) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:07CV02036 ERW |
| WASHINGTON SCHOOL DISTRICT, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for Judgment on the Administrative Record [doc. #9]. Kirk Knight and Heather Knight (collectively, "Plaintiffs") brought the pending action as parents and legal guardians of their minor child, J.N.K. Plaintiffs have brought this action against the Washington School District ("Defendant") under the Individuals with Disabilities and Education Act ("IDEA"). The IDEA "ensures that all children with disabilities have access to 'a free appropriate public education.'" *Yankton School Dist. v. Schramm*, 93 F.3d 1369, 1372 (8th Cir. 1996). "A 'free appropriate public education' under IDEA requires special education and related services from preschool through secondary school, tailored to a disabled child's unique needs by means of an 'individualized education program" ("IEP"). *Id.* at 1373.

### I.   BACKGROUND

Plaintiffs filed a request for an administrative due process hearing ("Request") pursuant to IDEA with the Missouri Department of Elementary and Secondary Education ("DESE") on December 22, 2006. Plaintiffs were not represented by counsel, and their Request did not meet

the requirements set under the IDEA. Defendant filed a Notice of Insufficiency and Request for Suspension of Timelines with the administrative hearing panel on January 3, 2007. Patrick O. Boyle, the Chairman of the administrative hearing panel ("Chairman Boyle") held that Plaintiffs had failed to meet the statutory requirements. Chairman Boyle sustained Defendant's notice, suspending the timelines and ordering Plaintiffs to file an amended Request.

Plaintiffs then retained counsel and supplemented their Request.[1] Defendant filed a Response to Plaintiffs' Request. The Response was filed on March 7, 2007, and it denied each claim and listed affirmative defenses.

The five issued raised in this Request were:

(1) The school failed to properly evaluate and fully identify this student's disabilities and corresponding needs for the 2004-2005, 2005-2006 and 2006-2007 school years.
(2) The school failed to craft an appropriately drafted IEPs for the 2004-2005, 2005-2006 and 2006-2007 school years.
(3) The programs encapsulated by the IEPs for those years fail to provide adequate Related and Support Services.
(4) The school failed to provide Petitioners adequate prior written notice of their actions.
(5) The school denied the petitioners the right to participate as equal partners in the IEP process.

Three months later, on June 6, 2007, Chairman Boyle issued a Case Management Order ("CMO"). In the CMO, he noted the five issues raised in the Request filed on February 28, 2007, and ordered the Parties to submit additional information to these issues.[2]

---

[1] The administrative record demonstrates that due to communication issues, Plaintiffs actually supplemented their Request on January 30, 2007 and February 28, 2007.

[2] For Issue (1), the Plaintiffs were to identify witnesses and the facts to which they would testify, and identify student evaluations and assessments. For Issue (2), the Plaintiffs were to identify the student IEP's in effect during calendar years 2005 and 2006. For Issue (3), Plaintiffs were to state services they provided, the services they believe are required for an adequate IEP, and identify witnesses and the facts to which they would testify. For Issue (4), he ordered the parents to identify each notice of action to be reviewed. Finally, for Issue (5) Chairman Boyle

On July 24, 2007, Plaintiffs submitted a detailed response to the CMO.[3] On August 30, 2007, DESE published new guidelines for due process hearings. This matter was set for a hearing on October 29, 2007, and on Friday, October 19, 2007, Defendant filed a Motion to Dismiss. Subsequently, Chairman Boyle issued a Scheduling Order on Monday, October 22, 2007. He cited a provision of the new DESE guidelines, stating that the chairperson has a duty at the prehearing conference to: "[i]dentify the issues and eliminate claims and complaints that are frivolous or beyond the statute of limitations period upon proper motion of a party and an opportunity for response from opposing party." His order dismissed four of the five issues that had been identified and set for hearing on October 29, 2007.

At the hearing on October 29, 2007, Plaintiffs asked to be heard before the hearing. They asserted that Chairman Boyle had improperly applied the new guidelines to this action, and stated that he had dismissed their claims without giving them the opportunity to respond. They stated that if he was going to improperly impose the new DESE guidelines upon them, they felt that he needed to be disqualified and would use a peremptory challenge to disqualify him. In response, Chairman Boyle stated that Plaintiffs had always been required to plead facts, and the new guidelines only changed things by making it so "that the Chairman now has the obligation to have a prehearing conference that will review the facts." (Tr. P.24 L.15-17). He then stated that "[a]s a procedural matter, the whole thing could have been dismissed for the failure to plead facts as

---

ordered Plaintiffs to identify each specific IEP process and the extent of their participation in each process

[3] The majority of these facts were not included in Plaintiff's Request or Plaintiffs' supplementation to their Request. The Court gives no opinion on whether Plaintiffs' Request pleads sufficient facts. This Memorandum and Order only concerns whether proper procedures were followed by DESE and Chairman Boyle.

was required under the prior regulation." (Tr. P.25 L.6-8). Then the following exchange took place:

> MR. WALKER: I think it would have been fair to the parents if you believe what you've just said if you had dismissed the whole complaint - -
> CHAIRMAN BOYLE: If you wish.
> MR. WALKER: - - and - - and have a federal court resolve this issue, rather than having us waste time at a hearing that we believe is - - is - is being run in a fashion that's contrary to law.
> CHAIRMAN BOYLE: As you wished, the Complainant is dismissed with prejudice based upon the failure to allege facts - -
> MR. WALKER: And let the record - -
> CHAIRMAN BOYLE: - - and based upon the exhibits failing to sustain the few facts that haven't been alleged.
> MR. WALKER: That's not what I wished. I wished to have a fair hearing, but I accepted the ruling.

(Tr. P.25 L.13 - P.26 L.5).

On October 29, 2007, Chairman Boyle issued a written order dismissing Plaintiff's Request. The order notes the motion to dismiss that Defendant filed on October 19, 2007, and states that the "complaint is dismissed with prejudice for the failure to plead facts which warrant the conclusions sought by the parents and for failure of the parents to present evidence on the issue permitted by the Scheduling Order." Plaintiffs ask that the Court reverse and vacate the decisions of Chairman Boyle dismissing their claims, so that Plaintiffs can have the opportunity to be heard on the merits of their claims.

## II. STANDARD OF REVIEW

The IDEA permits an aggrieved parties to file civil actions in federal court. *See* 20 U.S.C. § 1415(i)(2)(A). The Court must "review the state administrative record, hear additional evidence if requested, and, 'basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.'" *CJN v. Minneapolis Public Schools*, 323 F.3d 630, 636 (8th Cir. 2003) (quoting 20 U.S.C. § 1415(i)(2)(B)); 20 U.S.C. §

4

1415(i)(2)(C)(iii). Generally, district courts "must give 'due weight' because the administrative panel had an opportunity to observe the demeanor of the witnesses and because the court should not substitute its own educational policy for those of the school authorities that they review."[4] *CJN*, 323 F.3d at 636 (quoting *Strawn v. Missouri State Bd. of Educ.*, 210 F.3d 954, 958 (8th Cir. 2000)).

However, in this case, the administrative panel did not hear from any witnesses and did not issue any findings. The Court is not reviewing educational policy, but instead has been asked to interpret agency rules and determine if they were followed by Chairman Boyle when he dismissed this action. Accordingly, the standard of review the Court must apply is different as Chairman Boyle's interpretation of the DESE guidelines "are not binding on the court and fall within the court's province of independent review and correction where erroneous." *Fritts v. Division of Employment Sec.*, 11 S.W.3d 721, 724 (Mo. Ct. App. 1999)(quoting *Travelers Equities Sales, Inc. v. Div. of Employment Security*, 927 S.W.2d 912 (Mo. Ct. App. 1996)).

**III. DISCUSSION**

The Court must first determine if Chairman Boyle properly used the new DESE guidelines when he dismissed Plaintiff's claims in his order dated October 22, 2007. The new DESE guidelines do not contain any information on when they are intended to go into effect, or whether they are intended to be applied retroactively. The new guidelines, however, state that Mo. Rev. Stat. § 162.958, and several other statutes, provide the legal basis for these procedural safeguards. This statute declares that "[a]ny due process proceeding or resulting mediation shall

---

[4] "This standard is less deferential than the substantial evidence test ordinarily applied in federal administrative law cases." *Taylor P. ex rel. Chris P. v. Missouri Dept. of Elementary and Secondary Education*, 2007 WL 2907825, at *29 (W.D. Mo. October 3, 2007).

be processed under the law in effect at the time the request was initiated." Mo. Rev. Stat. § 162.958.

Defendants respond that the DESE guidelines are not "law" and do not fall under the ambit of this statute. Regardless of the effect this statute has upon the retrospective or prospective effect of the new DESE guidelines, prospective effect is mandated by the facts of this case. "[A] strong presumption exists against the retroactive application of regulations." *Sweet v. Sheahan*, 235 F.3d 80, 88 (2d Cir. 2000). "Retroactivity is not favored in the law. Thus . . . administrative rules will not be construed to have retroactive effect unless their language requires this result." *Brown v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988). No evidence has been presented that these guidelines were intended to be applied retroactively to a request that had been filed nine months before they were promulgated. Accordingly, Chairman Boyle did not have the authority at the prehearing conference to: "[i]dentify the issues and eliminate claims and complaints that are frivolous."[5] The four issues dismissed in the October 22, 2007 order were dismissed improperly, and not in accordance with current DESE guidelines. This order will be reversed and vacated.

Federal law requires that "[a]ny party to a hearing . . . shall be accorded . . . the right to present evidence and confront, cross-examine, and compel the attendance of witnesses." 20 U.S.C. § 1515(h). After Plaintiffs challenged Chairman Boyle's use of the new DESE guidelines, and asked that he be disqualified, a heated exchange took place where Chairman Boyle dismissed Plaintiff's remaining issue. Although the written order issued by Chairman Boyle later that day indicates that Defendant's motion to dismiss may be the basis for his order, the hearing transcript

---

[5] The Court notes that even if the guidelines were applied retroactively, Chairman Boyle erred because he did not provide Plaintiffs with "an opportunity for response."

indicates otherwise. It appears to the Court that this claim was dismissed *su sponte* by Chairman Boyle, and this dismissal was improper. Plaintiffs were not given "the right to present evidence and confront, cross-examine, and compel the attendance of witnesses" at the hearing, and the October 29, 2007 order dismissing this claim will also be reversed and vacated. 20 U.S.C. § 1515(h).

## IV. ATTORNEY'S FEES

In their Motion for Judgment on the Administrative Record, Plaintiffs ask for reimbursement for reasonable attorney's fees and other costs. The Court has discretion to award reasonable attorneys fees to Plaintiffs "as part of the costs . . . if they are the prevailing party." *Yankton School Dist.*, 93 f.3d at 1373 (citing 20 U.S.C. § 1415(e)(4)(B)). "A litigant is a 'prevailing party' if he obtains 'actual relief on the merits of his claim [that] materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *N.J. ex rel J.J. v. Northwest R-School Dist.*, 2005 WL 2738389, at *11 (E.D. Mo. October 24, 2005) (quoting *Birmingham v. Omaha School Dist.*, 298 F.3d 731, 734 (8th Cir. 2002)). It is clear that Plaintiffs are not the prevailing party at this juncture. This Memorandum and Order vacates the dismissal by Chairman Boyle and returns this case to the administrative level for proper procedures. This Memorandum and Order does not "materially [alter] the legal relationship between the parties" and the Court denies Plaintiff's request for attorney's fees.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Judgment on the Administrative Record [doc. #9] is **GRANTED.** Chairman Boyle's orders dated October 22, 2007 and October 29, 2007 are reversed and vacated. This action is remanded to the Missouri Department of Elementary and Secondary Education for further proceedings under the guidelines that were in place when their Request was filed.

Dated this 22nd Day of December, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE